UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TRUMAN BOWEN JR.,

    Plaintiff,

-VS-

CACH, LLC and LAW OFFICE OF SUSAN
ADDISON BLUSH, P.C. d/b/a KENTWOOD
LAW GROUP,

    Defendants.
_____/

CASE NO.: 3:14-cv-108-J-39PDB

## COMPLAINT

COMES NOW the Plaintiff, TRUMAN BOWEN, by and through the undersigned counsel, sues the Defendants, CACH, LLC (hereinafter "CACH") and LAW OFFICE OF SUSAN ADDISON BLUSH, P.C. D/B/A KENTWOOD LAW GROUP (hereinafter "KENTWOOD"), and in support thereof respectfully alleges the following:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. and the Florida Consumer Collection Practices Act, Florida Statute § 559.72 et seq. ("FCCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### FACTS COMMON TO ALL COUNTS

4. Plaintiff is a natural person who is allegedly obligated to pay a consumer debt.

1

5. Defendants are corporate entities which sought to collect from Plaintiff an alleged debt arising from transactions incurred primarily for personal, family, or household purposes and is transacting business in the State of Florida.

6. CACH consents of and has knowledge and control of the collection activities of their agents and representatives, including KENTWOOD, supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors for an alleged debt of $1,439.14 on Citibank South Dakota, N.A. account number ************5588 (hereinafter "the account").

7. Under information and belief, CACH had knowledge of all actions (further described in the complaint) taken by its agent KENTWOOD, and specifically instructed and/or conspired with them to take such actions as were ultimately taken in regards to Plaintiff.

8. At all times material: CACH acknowledged that KENTWOOD would act on behalf of CACH with respect to the conduct alleged herein; KENTWOOD accepted said undertaking; and KENTWOOD retained control over the actions of its authorized agents.

9. Upon information and belief, the aforementioned principal/agent relationship by and between CACH, as principal, and KENTWOOD, as agent, was pursuant to an express agreement, implied agreement and/or gratuitous undertaking.

10. KENTWOOD disclosed to Plaintiff the principal/agent relationship by and between CACH and KENTWOOD via correspondence to Plaintiff dated May 2, 2012, wherein KENTWOOD states they are handling debt collection activities on the Plaintiff's account on behalf of CACH.

11. Plaintiff had a Sears Gold Credit Card financed through Citibank South Dakota, N.A., however Plaintiff unexpectedly lost his job in late 2011 / early 2012 and fell behind in payments on his Sears Gold Credit Card.

12.     Citibank South Dakota, N.A. ended up charging off the account and sold it to CACH, LLC who in turn hired KENTWOOD to conduct collection activity on the Plaintiff.

13.     On or about May, 2012, Plaintiff received written correspondence from KENTWOOD dated May 2, 2012, attempting collection on the account.

14.     On or about May 10, 2012 at 3:21 p.m., Plaintiff called KENTWOOD and spoke to an unknown agent who identified herself as a secretary, said secretary advised Plaintiff to call back on May 15, 2012 in order to receive a settlement offer.

15.     Shortly thereafter, on or about May 10, 2012 at 4:00 p.m., an unknown agent of KENTWOOD called the Plaintiff's cell phone and informed Plaintiff that he must pay in the amount due in full and then asked the Plaintiff: "How does it feel to be in someone else's pocket?"

16.     On or about May 15, 2012 at 12:00 p.m., Plaintiff received a call from an unknown agent of KENTWOOD who was very aggressive to both Plaintiff and his mother over the phone, demanding payment in full.

17.     KENTWOOD proceeded to begin a campaign of bombarding the Plaintiff's cell phone with calls in an attempt to collect on the account in question.

18.     Each call KENTWOOD made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers.

19.     Each call KENTWOOD made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

20.     Before the onslaught of calls to his cell phone began from KENTWOOD, Plaintiff had recently acquired a new cell phone and number.

21. Plaintiff never provided KENTWOOD or CACH with his newly acquired cell phone number nor did he ever give them express permission to call his cell phone number.

22. Due to such a high volume of calls Plaintiff was not able to properly catalogue and record each call he received from KENTWOOD, however this is a sampling of some of the calls he received in June, 2012: June 8th at 10:58 a.m., June 25th at 11:36 a.m., June 27 at 10:33 a.m., June 28th at 2:01 p.m.

23. Due to such a high volume of calls, Plaintiff was not able to properly catalogue and record each call he received from KENTWOOD, however is a sampling of some of the calls he received in July, 2012: July 2nd at 3:51 p.m., July 3rd at 3:38 p.m., July 5th at 12:56 p.m., July 9th at 11:00 a.m., July 10th at 11:00 a.m., July 11th at 3:27 p.m., July 12th at 11:14 a.m., July 13th at 2:18 p.m., July 17th at 3:05 p.m. and 5:23 p.m., July 18th at 11:43 a.m., July 19th at 10:05 a.m., July 20th at 2:20 p.m., July 23rd at 10:41 a.m., July 24th at 11:01 a.m., July 25th at 11:58am, July 26th at 1:47 p.m. and 6:43 p.m., July 27th at 1:57 p.m., July 30th at 1:17 p.m., and July 31st at 3:28 p.m.

24. On or about July 26, 2012 at 6:43 p.m., Plaintiff spoke to an unknown agent of KENTWOOD, Plaintiff explained that he would be willing to pay in cash, the agent of KENTWOOD stated that they would only accept money out of a checking account which Plaintiff explained was an impossibility.

25. Due to such a high volume of calls, Plaintiff was not able to properly catalogue and record each call he received from KENTWOOD, however is a sampling of some of the calls he received in August, 2012: August 1st at 3:28 p.m., August 2nd at 5:23 p.m., August 3rd at 10:24 a.m., August 15th at 2:29 p.m., and August 16th at 11:16 a.m.

26. On or about August 16, 2012 at 11:25 a.m., Plaintiff called and spoke to an agent of KENTWOOD known only as "Mr. Romey," who told the Plaintiff that he believes the Plaintiff

4

is refusing to pay the amount owed and would be willing to offer a settlement amount but only by email and fax, Mr. Romey would not mail anything to the Plaintiff.

27. Plaintiff explained to Mr. Romney that he always made his payments in store using cash and was willing to pay via cashier's check or money order to KENTWOOD, Mr. Romney stated that KENTWOOD would not accept cashier's check or money order and reiterated that Plaintiff refused to pay the debt and hung up on the Plaintiff.

28. On at least one or two occasions, Plaintiff explained to KENTWOOD'S agents that he had already offered to pay them via cashier's check or money order and they rejected that, in which case they should stop calling his cell phone.

29. The constant phone calls of an aggressive and abusive nature have caused Plaintiff to feel belittled and suffer undue stress and anxiety.

30. Plaintiff's damages pursuant to Florida Statutes including § 559.77 have continued and are continuing as of the filing of this complaint.

31. All conditions precedent to the filing of this action have occurred.

### COUNT I
### (Violation of the Florida Consumer Collection Practices Act "FCCPA") As to KENTWOOD

Plaintiff re-alleges paragraphs one (1) through thirty-one (31) above and further states:

32. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

33. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of his family with such frequency as can reasonably be expected to harass the debtor or his family.

34. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his family.

5

35. Defendant has violated Florida Statute §559.72(5) by using willfully abusive language in communicating with the debtor or any member of his family.

36. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the Telephone Consumer Protection Act "TCPA") As to KENTWOOD

Plaintiff re-alleges paragraphs one (1) through thirty-one (31) above and further states:

37. Defendant repeatedly placed automated telephone calls to the Plaintiff's cellular telephone without the consent of the Plaintiff.

38. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an artificial or prerecorded voice to deliver multiple messages even though Plaintiff had never provided his permission or cell phone number to the Defendant and directly after Plaintiff repeatedly instructed the Defendant to cease calling his cell phone, in express violation of federal law, including 47 U.S.C § 227(b)(1)(B).

WHEREFORE, Plaintiff respectfully request judgment be entered against Defendant for damages, costs, interest, attorney fees and any other such relief this Honorable Court deems appropriate in the spirit of Justice.

## COUNT III
### (Violation of the Florida Consumer Collection Practices Act "FCCPA") As to CACH

Plaintiff re-alleges paragraphs one (1) through twenty-one (31) above and further states:

39. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

40. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of his family with such frequency as can reasonably be expected to harass the debtor or his family.

41. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his family.

42. Defendant has violated Florida Statute §559.72(5) by using willfully abusive language in communicating with the debtor or any member of his family.

43. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT V
**(Violation of the Telephone Consumer Protection Act "TCPA")**
**As to CACH**

Plaintiff re-alleges paragraphs one (1) through thirty-one (31) above and further states:

44. CACH had its agent, KENTWOOD, repeatedly placed automated telephone calls to the Plaintiff's cellular telephone without the consent of the Plaintiff.

45. CACH had its agent, KENTWOOD, repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an artificial or prerecorded voice to deliver multiple messages even though Plaintiff had never provided his permission or cell phone number to CACH and

directly after Plaintiff repeatedly instructed the CACH, through its agent KENTWOOD, to cease calling his cell phone, in express violation of federal law, including 47 U.S.C § 227(b)(1)(B).

WHEREFORE, Plaintiff respectfully request judgment be entered against Defendant for damages, costs, interest, attorney fees and any other such relief this Honorable Court deems appropriate in the spirit of Justice.

Respectfully submitted,

Jared Michael Lee, Esquire
Morgan & Morgan, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4708
Florida Bar #: 0052284
Attorney for Plaintiff
jlee@forthepeople.com
mgraves@forthepeople.com